UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOGAN, et al.,<br><br>　　　　　Defendants. | No.  2:15-cv-2084 MCE AC P<br><br><br>ORDER and FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, in a civil action. He was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on September 28, 2016. ECF No. 8. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On December 19, 2016, defendants filed a motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g), and to declare plaintiff a three-strike litigant. ECF No. 15. Plaintiff filed an opposition to the motion. ECF No. 17.

I.　Legal Standards

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act ("PLRA"). The PLRA was intended to eliminate frivolous lawsuits, and its main purpose was to address the overwhelming number of prisoner lawsuits. Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014). Title 28 U.S.C. § 1915(g) of the PLRA permits any court of the United States to authorize the

commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As the Supreme Court stated, this "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims filed by prisoners and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Block, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The Ninth Circuit has held that the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2014); Andrews, 493 F.3d at 1055.

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F. Supp. 316, 321 (N.D. Cal. 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). Title 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed as a potential strike is carefully evaluated to determine that it was dismissed as frivolous, malicious, or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id. at 1120 (quoting

§ 1915(g)). To determine whether a dismissal qualifies as a strike, a "reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citing King, 398 F.3d at 1121), cert. denied, 135 S. Ct. 57 (2014).

II.     Plaintiff's Prior Actions

Review of court records reveals that prior to October 5, 2015, the date the instant action was filed, three lawsuits filed by plaintiff had been dismissed on screening as barred by the statute of limitations:

1. Williams v. Aparicio, No. 2:14-cv-08640 (C.D. Cal. Feb. 5, 2015). ECF No. 15-3 at 13-14; see also ECF No. 15-3 at 7-12 (Report and Recommendation).
2. Williams v. Kerkfoot, No. 2:14-cv-07583 (C.D. Cal. May 15, 2015). ECF No. 15-3 at 35-36; see also ECF No. 15-3 at 23-34 (Report and Recommendation).
3. Williams v. Young, No. 2:14-cv-8037 (C.D. Cal. May 19, 2015). ECF No. 15-3 at 46-52 (Memorandum and Order).

The first question before the court is whether the dismissals of plaintiff's prior three actions are properly characterized as "strikes" under 28 U.S.C. § 1915(g). In Belanus v. Clark, 796 F.3d 1021 (9th Cir. 2015), the United States Court of Appeals for the Ninth Circuit affirmed a district court decision dismissing a complaint on screening as barred by the statute of limitations and holding that the dismissal "constituted a 'strike' against [the plaintiff] pursuant to 28 U.S.C. § 1915(g)." Belanus, 796 F.3d at 1023. The issues before the panel in Belanus were (1) whether the plaintiff in that case could "assert a cognizable claim for equitable tolling of the statute of limitations," id., and (2) whether the dismissal could count as a strike where the plaintiff had paid the filing fee for the lawsuit. Id. at 1027. Two members of the panel held the plaintiff could not demonstrate entitlement to equitable tolling and that a fee-paid complaint could count as a "strike" under 28 U.S.C. § 1915(g).[1] The majority held that the district court had "properly

---

[1] The dissent joined parts of the opinion but believed that plaintiff should have been given an opportunity to amend his complaint to plead entitlement to equitable tolling, and that the district court's characterization of the dismissal as a strike was "unnecessary" and had no "binding effect upon [plaintiff] or upon any future court," and there was no "case or controversy" as to that issue. Belanus, 796 F.3d at 1031-32.

3

considered [the plaintiff's] complaint and summarily determined that he could not state a cause of action" because the action was time-barred and the prisoner could not plead entitlement to equitable tolling. Id. at 1030.  The panel also affirmed the "decision to count the dismissal as a strike against Belanus." Id.

This court is bound by Belanus.  While the Belanus panel did not analyze whether dismissal on statute of limitations grounds qualifies as a dismissal for failure to state a claim within the meaning of 28 U.S.C. § 1915(g), its holding requires this court to find that a dismissal on such grounds is subject to § 1915(g).  In accordance with Belanus, this court is required to conclude that plaintiff's prior three cases, set forth above, constitute "strikes" within the meaning of 28 U.S.C. § 1915(g).[2]

Second, plaintiff argues that these three prior dismissals cannot serve as strikes under § 1915(g) because he is pursuing appeals and relief in the Ninth Circuit, and has not exhausted or waived his appellate rights in each case.  However, as argued by defendants, the Supreme Court held that "a prior dismissal . . . counts as a strike even if the dismissal is the subject of an appeal." Coleman, 135 S. Ct. at 1763.  Therefore, plaintiff's argument is unavailing.

### III. Imminent Danger

Because plaintiff has filed three cases that constitute strikes under § 1915(g), he is precluded from proceeding in forma pauperis in this action unless he can demonstrate he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced *at the time the complaint was filed*, not at some earlier or later time." Andrews, 493 F.3d at 1053 (emphasis added).  In his opposition, plaintiff claims that he "clearly asserted" in his complaint—specifically, on page 5(c), lines 21-23—that he was under imminent danger at the time he filed his complaint and that "his injuries were on-going." ECF No. 17 at 1.

---

[2] This court takes judicial notice that in another civil rights action filed by plaintiff, the court revoked plaintiff's in forma pauperis status, finding the same three cases identified above (Aparicio, Kerkfoot, and Young) constituted strikes under § 1915(g).  See Williams v. Sharp, No. 2:15-cv-2542 (E.D. Cal. June 21, 2016) (findings and recommendations adopted July 14, 2016). Williams v. Sharp is on appeal in the Ninth Circuit.

4

1    The court reviewed the complaint, and plaintiff does not allege facts demonstrating an
2 imminent danger of serious physical injury. ECF No. 1, *passim*. Rather, plaintiff claims that on
3 September 11, 2015, he was outside in the yard when he became lightheaded, almost blacked out,
4 and developed a severe migraine and "severe heavy chest pains." Id. at 4-5. He was taken to the
5 medical center where he was determined to be suffering from dehydration. Id. at 5. Plaintiff
6 alleges that he was dehydrated from being in the yard in over ninety degree weather while on
7 "heat medication," and from being unable to obtain water in his cell. Id. Because the sink in his
8 cell was not working, medical staff gave plaintiff a plastic cup or pitcher to obtain water from the
9 hallway fountain. Id. at 6.

10    At approximately 7:30 p.m., plaintiff took his nightly medication and became extremely
11 hot. Id. at 5. He began to sweat profusely and experienced headaches and chest pains. Id. He
12 called "man down" to defendant third watch officers Logan and Thomas, and put a sign on his
13 door requesting medical care and cold water from the hallway fountain. Id. Defendant Thomas
14 told plaintiff to give her his cup for water, then took his cup and never returned. Id. at 6.
15 Defendant Logan told plaintiff, "that [cup is] not ad-seg approved[,] you don't need any
16 medical[,] it's the end of our shift[,] shut up go to sleep[,] put water on your face." Id. Neither
17 Thomas nor Logan sought medical attention for plaintiff.

18    First watch Officer Nigg asked plaintiff if he wanted medical attention and plaintiff said
19 yes. Id. at 6. Defendant Nigg saw the sign on plaintiff's door requesting water and medical
20 attention and repeatedly walked by plaintiff's cell throughout her shift, but ignored plaintiff's
21 "medical emergency" and did not seek medical care for plaintiff. Id. at 6-7. At approximately
22 6:30 a.m., after the second watch shift started, plaintiff was taken to medical with "extremely high
23 blood pressure and chest pains and shortness of breath." Id. Plaintiff alleges that he "was treated
24 at B-1 center and ultimately with an appointment to see primary physician the Monday of
25 September 14th, 2015."[3] Id. at 7.

---

[3] In his opposition, plaintiff relies on this allegation, located on handwritten page 5(c), lines 21-23 of the complaint, to argue that he "clearly asserted" in the complaint that he was in imminent danger of serious physical injury when he filed the complaint. ECF No. 17 at 1. This allegation, (continued)

5

Although plaintiff alleges that he was without access to water in his cell for approximately 11 hours or more, leading to his dehydration, his factual allegations show plaintiff complained about an isolated incident and do not support plaintiff's statement in his opposition that his injuries are "on-going" or demonstrate that plaintiff was still receiving improper care or was suffering up until filing the complaint and thereafter. Thus, plaintiff fails to demonstrate that he was at risk of an imminent danger of serious physical injury at the time he filed his complaint. Andrews, 493 F.3d at 1058, n.11.

IV.   Conclusion

Because plaintiff has sustained three strikes under 28 U.S.C. § 1915(g), and failed to allege facts suggesting he was in imminent danger of serious physical injury at the time he filed his complaint, defendants' motion to revoke plaintiff's in forma pauperis status should be granted, and plaintiff should be required to submit the $400.00 filing fee[4] in order to proceed with this action. Plaintiff is cautioned that failure to pay the filing fee will result in the dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that defendants' request for judicial notice[5] (ECF No. 15) is granted.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 15) be granted; and

2. Plaintiff be ordered to pay the $400.00 filing fee within twenty-one days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

however, demonstrates that plaintiff received medical treatment, and does not support his argument that he was under imminent danger of serious physical injury when he filed the complaint.

[4] The $400.00 filing fee may be reduced by the amount that has been paid pursuant to the court's September 28, 2016 order directing deductions from plaintiff's prison trust account. ECF No. 9. Court records show that to date, $0.00 has been collected from plaintiff's trust account.

[5] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981), cert. denied, 454 U.S. 1126 (1981).

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 6, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7